WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| v. | ) CR 10-2444 TUC DCB (DTF) |
| | ) **O R D E R** |
| Olga Clarissa Ortega, | ) |
| Defendant, | ) |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) (doc. 39) as the findings of fact and conclusions of law of this Court as to Defendant's Motion to Dismiss Counts 2-15 (Doc. 12), as follows: 1) denying the motion in part as to any multiplicity between Counts 5-7 and 13-15 and 2) dismissing Count 12 for multiplicity with Count 13. For all the reasons given by the Magistrate Judge, the Court denies the Motion to Dismiss Indictment for Lack of Jurisdiction (Doc. 19); Motion to Dismiss Counts 2, 5, 8, 12, and 13 for Lack of Jurisdiction (Doc. 31), and Motion to Dismiss Counts 5, 6, and 7 for Failure to State a Claim (Doc. 32).

The Court denies the Defendant's Motion *in Limine* to Grant Full Faith and Credit to State Court Judgment (Doc. 33).

## MAGISTRATE JUDGE'S RECOMMENDATION

On June 6, 2011, Magistrate Judge D. Thomas Ferraro issued a R&R in regard to Defendant's motions. The Magistrate Judge found multiplicity between Counts 5-7 and 13-15, but recommends denying the Motion to Dismiss for Multiplicity, except as to Counts 12 and 13. Any multiplicity between Counts 5-7 and 13-15, existing after trial, will be remedied by post-trial dismissal for multiplicity.

The Magistrate Judge found the current immigration appeal does not divest this Court of jurisdiction over the case, and the Court has jurisdiction over the October-2005 passport application even though it was made outside the United States. The Magistrate Judge found a passport qualifies as an immigration document under 18 U.S.C. 1546(a).

The Defendant has filed objections. The Government filed a half-page Response, which does not make any objection to the R&R.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)

The Court considers the objections filed by the Defendant and the parties' briefs considered by the Magistrate Judge in regard to the motions as they pertain to the objections raised by the Defendant.

# OBJECTIONS[1]

## A. Factual Background

The Defendant filed three applications for a United States passport and claimed under oath to be a United States citizen and submitted a birth certificate showing her to be born in the United States. The three applications form the basis of Counts 2-10 and 12-15. Thereafter, she applied for admission into the United States at the port of entry in Nogales, Arizona, claiming to be a United States citizen. This conduct forms the basis for Counts 1 and 11.

October 27, 2005, the Defendant filed a passport application at the United States Consulate in Nogales, Sonora, Mexico, as charged in Counts Two (18 U.S.C. § 1542: False Statement in a Passport Application), Five (18 U.S.C. § 1546: False Statement in an Application for Entry Document), Eight (18 U.S.C. § 911: False Claim to United States Citizenship), Twelve (18 U.S.C. § 1001(a)(2): Oral False Statements), and Thirteen (18 U.S.C. § 1001(a)(3): Written False Statements). (Doc. 5: Indictment.)

January 23, 2008, the Defendant filed a passport application at the Pima County Courthouse, as charged in Counts Three (18 U.S.C. § 1542: False Statement in a Passport Application), Six (18 U.S.C. § 1546: False Statement in an Application for Entry

---

[1] Defendant asserts that she "reargues all her motions (including the ones not discussed herein)." (Objection at 6.) The Government responds to the Defendant's Objections "by reasserting the arguments set forth in the Government's" responses to the respective motions. (Response to Objection at 1.) Neither suffices to invoke *de novo* review of the R&R. "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Precluding review of any issue not contained in an objection, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. "Absent such a rule, any issue before the magistrate would be a proper subject for appellate review." Without the rule requiring parties to object, the district court would have to review every issue in every case, no matter how thorough the magistrate's analysis. The rule promotes the efficient use of judicial resources. *Id.* It is not enough for a party to file what is essentially a notice of objection. Accordingly, the Court reviews *de novo* only the objections specifically raised in the briefs filed in objection to the R&R and reviews *de novo* the arguments urged before the Magistrate Judge that pertain to such objections. All other objections are waived.

Document), Nine (18 U.S.C. § 911: False Claim to United States Citizenship), and Fourteen (18 U.S.C. § 1001(a)(3): Written False Statements). *Id.*

May 28, 2010, the Defendant again filed a passport application at the Pima County Courthouse, as charged in Counts Four (18 U.S.C. § 1542: False Statement in a Passport Application), Seven (18 U.S.C. § 1546: False Statement in an Application for Entry Document), Ten (18 U.S.C. § 911: False Claim to United States Citizenship), and Fifteen (18 U.S.C. § 1001(a)(3): Written False Statements). *Id.*

August 22, 2010, the Defendant applied for admission into the United States through the port of entry in Nogales, Arizona, as charged in Counts One (8 U.S.C. 1326: Attempted Reentry After Deportation) and Eleven (18 U.S.C. § 1001(a)(3): False Claim to United States Citizenship). *Id.*

B.  Motions to Dismiss for Multiplicity

Under the Double Jeopardy Clause, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Constitution Amend. V. Therefore, "[a]n indictment may not charge a single offense in several counts without offending the rule against multiplicity." (R&R at 3) (citing *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). Defendant makes two multiplicity arguments related to Counts 2-15 involving her passport applications: 1) there was one continuous course of action and 2) her actions constitute one crime not multiple crimes. Like the Magistrate Judge, the Court rejects both arguments.

"Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 303-04 (1932).

The Magistrate Judge made a careful comparison of the elements of the four offense statutes: 18 U.S.C. §§ 911, 1001(a)(3), 1542, and 1546. He found each require proof of a fact not required by the other statutes, except sections 1001 and 1546. Both require a written knowing false representation and proof that the representation is material, but

- 4 -

section 1001 requires the false representation to be about a matter within the jurisdiction of one of the government's three branches which is entirely subsumed within the requirement in section 1546 that the representation be in an application for a United States' immigration document. Section 1001 does not have an element different from those in section 1546, but section 1546 contains the additional element that the false statement be made under oath. Therefore, the Magistrate Judge correctly found it was premature to dismiss the section 1546 offenses, Counts 5-7, because there will be no multiplicity with the section 1001 offenses, Counts 13-15, if the Government fails to prove that the false statements were made under oath.

Because the Court agrees with the Magistrate Judge's analysis and conclusion that a passport qualifies as an immigration document under 18 U.S.C. § 1546(a), the Court must address Defendant's objection that if the Court so finds, then multiplicity exists between the section 1546(a) offenses and the section 1542 offenses because both require proof of an application for a passport. While true, this is not sufficient to make the counts multiplicitous because section 1542 does not require proof of materiality, *United States v. Hart*, 291 F.3d 1084, 1085 (9th Cir. 2002); it requires the false statement be made with the intent to induce the issuance of a passport. Whereas, materiality is a requirement for an offense under section 1546(a). (R&R at 5.) Counts 2-4 do not fail for multiplicity.

In her Objection, the Defendant agrees with the Magistrate Judge's finding of multiplicity as between Counts 5-7 and 12-15, but objects to the recommendation that the remedy for this multiplicity is to vacate post-trial any multiplicitous convictions.

The Fifth Amendment concern is that multiple sentences may result. *See United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008) (explaining "the Fifth Amendment's prohibition on double jeopardy protects against being punished twice for a single criminal offense"). So while the government may constitutionally include both offenses in the indictment and may permissibly prosecute a defendant for both offenses through trial, the accused may not suffer two convictions or sentences on the indictment. "If upon the trial the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he

should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses." *Ball v. United States*, 470 U.S. 856, 865 (1985). As recommended by the Magistrate Judge for the counts involving sections 1546 and 1001, the remedy is post-trial dismissal for multiplicity.

The Defendant argues that "likewise," the Court should be concerned that multiplicity "may suggest to the jury that the defendant committed more than one crime." *United States v. Dixon*, 921 F.2d 194, 196 (8th Cir. 1990). The Court addresses this assertion of prejudice with the *Nash* rule, which finds harmless error "where 'the Government would have introduced exactly the same evidence had the indictment contained only one count' of the charged offense." *United States v. Mathews*, 240 F.3d 806, 817-18 (9th Cir. 2001) (quoting *United States v. Nash*, 115 F.3d 1431, 1438 (9th Cir. 1997)), *overruled on sentencing issue by* 278 F.3d 880 (9th Cir. 2002) (en banc). The Defendant does not argue that the Government would be precluded from introducing the false statements made in each application, and such an assertion would be contrary to the Defendant's arguments as to why the Court should find the three passport applications were one course of action.

The Court was not persuaded by Defendant's arguments that there are not multiple offenses but really only one course of action, therefore, the Court must consider whether the offenses charged in Counts 2-15 derive from statutes that prohibit an individual act or a course of action. "'If the former, then each is punishable separately . . . If the latter, there can be but one penalty.'" (R&R at 3 (quoting *Blockburger v. United States*, 284 U.S. 299, 302 (1932)). The statutory language and case law reflects the latter.

In the Ninth Circuit, "each false document made or submitted may be charged as a separate violation of 18 U.S.C. § 1001." *United States v. Bennett,* 702 F.2d 833, 835 (9th Cir.1983), *see also* R&R at 3 (citing *United States v. Moore*, 653 F.2d 384, 391 (9th Cir. 1981) (phone calls); *United States v. Kennedy*, 726 F.2d 546, 548 (9th Cir. 1984) (bank

documents)). "To constitute a continuous course of action, the offense must have duration, yet not consist of a collection of isolated acts." *Bennett,* 702 F.2d at 835, *see also Blockburger*, 284 U.S. at 302 (citing *In re Snow*, 120 U.S. 274, 281 (1887)).

"Here, Defendant submitted a completed, and distinct, passport application to governmental entities on three dates spanning a nearly five-year period: October 27, 2005, January 23, 2008, and May 28, 2010. While the goal of the application submissions remained constant, each submission occurred within the course of a single day. Each instance must be viewed as a distinct action and the requisite duration for a continuous course of action has not been met." (R&R at 4.) The Court agrees.

The Magistrate Judge found multiplicity existed only for Counts 12 and 13, which allege that on October 27, 2005, the Defendant made identical oral and written false statements that she was a United States citizen. "'[W]here identical false statements, in either oral or written form, are made in response to identical questions, the declarant may be convicted only once.'" (R&R at 6) (quoting *United States v. Olsowy*, 836 F.2d 439, 443 (9th Cir. 1987). The only exception to such multiplicity is where the declarant's repetition of an initial false statement in answering to the same repeated question further impairs the operations of government, [then] two convictions may stand. (R&R 6) (citing *United States v. Salas-Camacho*, 859 F.2d 788, 791 (9th Cir. 1988). The Magistrate Judge found there was multiplicity between Counts 12 and 13 because the Government did not argue there was any "meaningful distinction between the two representations nor did it make any showing that the second representation additionally impaired governmental operations." (R&R at 6.) The Government does not object to this finding by the Magistrate Judge. The Court strikes Count 12, the oral statement.

B.   Motion to Dismiss for Lack of Jurisdiction

The Defendant objects to the Magistrate Judge's recommendation to deny the Motion to Dismiss for Lack of Jurisdiction the charges against the Defendant for the alleged false statement in the October-2005 passport application, which was made at the United States Consulate in Nogales, Sonora, Mexico. The Defendant argues there is a presumption

against extraterritorial jurisdiction and that to overcome the presumption, the Court must find that "[C]ongress intended extraterritorial application *and* extraterritorial enforcement of penal statutes comports with the principles of international law." (Objection at 6) (citations omitted). The Defendant argues the Magistrate Judge failed to consider the principles of international law.

The Magistrate Judge did, however, consider "[t]he two principles recognized under international law relevant to this analysis, [which] are: the objective territorial principle, under which jurisdiction is asserted over acts performed outside the United States that produce detrimental effects within the United States, and the protective principle, under which jurisdiction is asserted over foreigners for an act committed outside the United States that may impinge on the territorial integrity, security, or political independence of the United States." (R&R at 8) (quoting *United States v. Vasquez-Velasco*, 15 F.3d 833, 839 (9th Cir. 1994). These principles having been applied for 18 U.S.C. § 1546 in *Rocha v. United States*, 288 F.2d 545, 548-49 (9th Cir. 1961), the Magistrate Judge found that "the district courts have extraterritorial jurisdiction over criminal charges alleging a . . . False Statement in an Application for Entry Document, [here] Count 5[], because that statute was passed to preserve the United States' sovereignty. . . . The court explained that the making of false statements and fraudulent documents in an effort to gain entrance into the United States create a detrimental effect on the sovereignty of the United States." (R&R at 9) (quoting *Rocha*, 288 F.2d at 549).

The Magistrate Judge found the *Rocha* analysis logically extends to "Count 2 (False Statement in a Passport Application, § 1542) and Count 8 (False Claim to United States Citizenship, § 911) [because] both involve fraudulent statements made to establish United States citizenship, which would allow entry into the country as well as other privileges extended to citizens." (R&R at 9.)

Counts 12 and 13 charge the Defendant with making false statements under section 1001, which on their face do not relate to citizenship. The Magistrate Judge, nevertheless, inferred a similar congressional intent because section 1001 involves making material false

- 8 -

statements in a matter within the jurisdiction of the executive, legislative or judicial branch of the United States government. "The conduct prohibited is linked not to locality but, rather, conduct that obstructs the functioning of any branch of the government and implicates the government's right to defend itself against fraud. Thus, the alleged acts produce detrimental effects within the United States and implicate the country's sovereignty." (R&R at 9-10.)

The Court agrees with the Magistrate Judge that there is extraterritorial jurisdiction over all the offense statutes at issue in Counts 2, 5, 8, 12 and 13, which are 18 U.S.C. §§ 911, 1542, 1546, and 1001, because the alleged acts produce detrimental effects within the United States and implicate the country's sovereignty.

C.  Motion in Limine for Full Faith and Credit to State Court Judgment

In addition to charging the Defendant with making false statements, the Government charges she attempted to reenter the United States after having been deported in violation of 8 U.S.C. § 1326(b)(2). Defendant argues that the Government should be collaterally estopped from asserting she is an alien because an Order and Judgment has been entered by the Superior Court of California on April 25, 2005, establishing her birth as being in the United States. She argues the California court has established as a matter of fact that she is a United States citizen.

Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443 (1970).[2] In a criminal case, collateral estoppel encompasses the constitutional protection against double jeopardy. *United States v. Romeo,* 114 F.3d 141, 143 (9th Cir.1997). In the criminal arena, collateral estoppel is not applied with a hypertechnical approach, but applies with realism and rationality. *United States v. Romeo,* 114 F.3d 141, 143 (9th Cir.1997); *Ashe,* 397 U.S. at 464 (Burger, C.J., dissenting) ("[I]n criminal cases, finality and conservation of private,

---

[2] It is undisputed that the United States was not a party to the state court proceeding relied on by the Defendant.

public and judicial resources are lesser values than in civil litigation.") The court employs a three-step approach to determining whether collateral estoppel applies: 1) we identify the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) we examine the record of the prior case to decide whether the issue was 'litigated' in the first case; and (3) we examine the record in the prior proceeding to ascertain whether the issue was necessarily decided in the first case. *Id.*

Here, the Court is asked to apply full and faith credit to a state court order issued in a civil proceeding establishing the fact of her birth to be in the United States. The order was issued pursuant to the California Health and Safety Code and is a judicial determination of the place and date of birth and substitutes for a birth certificate when the birth was not recorded at the time it occurred. An order of birth may be made by the superior court on secondary evidence at any time, however, long after birth. "Neither law nor reason justifies holding an order to be of greater evidentiary value than a certificate in establishing the place and time of birth when such facts are in issue in a proceeding concerned with United States citizenship." *Mah Toi v Brownell*, 219 F.2d 642, 643-44 (9th Cir. 1955).

*Mah Toi* involved a proceeding before a federal district court for declaration of United States nationality. Like *Mah Toi*, the criminal case before this Court hinges on a claim of United States citizenship. *Mah Toi* is, therefore, instructive in its reliance on *United States v Casares-Moreno*, 122 F. Supp. 375 (Calif. 1954), an illegal reentry case where the court found the evidentiary weight of a birth certificate recorded by order of the California superior court to be the same as a birth certificate recorded at the time of birth. Both, being official (birth) certificates are prima facie evidence, but not conclusive, i.e., the order creates a rebutable presumption. Therefore, the Order Establishing Fact of Birth issued in this case by the California court establishes the fact of Defendant's birth as being in the United States "until or unless contradicted and overcome by other evidence." *Mah Toi*, 219 F.2d at 644.

- 10 -

This is not contrary to *United States v. Sandoval-Gonzalez*, 2011 WL 1533516 (9th Cir. April 25, 2011). In the Ninth Circuit, a Defendant's claim of United States citizenship should be treated like any other theory of defense in a criminal case. *Id.* at * 4.

In *Sandoval-Gonzales*, the court was concerned about a presumption of alienage based on defendant's Mexican birth certificate reflecting he was born outside the United States. The defendant asserted derivative citizenship based on the birth certificate showing his father was a United States citizen. The court held that a claim of United States citizenship is not an affirmative defense. There is no burden of production or proof on the Defendant. There can be no presumption of citizenship because this would amount to a presumption of quilt. Collateral estoppel may not be used offensively against the Defendant to establish, as a matter of law, an element of the offense. Evidence of United States citizenship is simply a fact that negates an element of the offense to be decided by the jury, and the burden to prove alienage is on the Government. Defendants are largely free to put on whatever relevant evidence they wish in an attempt to create reasonable doubt about an element of the offense. *Id.*, at *2-7, *see also*, *United States v. Smith-Baltiher*, 424 F.3d 913, 917, 921-22 (9th Cir. 2005) (reversing conviction because defendant was collaterally estopped from presenting evidence to support his claim of derivative citizenship).

Here, the Defendant seeks to rely on a presumption as a shield to collaterally estop the Government's prosecution. Although the Government filed its objection to Defendant's Motion for Full Faith and Credit on April 19, six days before the Ninth Circuit issued the *Sandoval-Gonzalez* opinion, the Government correctly explains:

> The defendant is charged with a violation of 8 U.S.C. §1326 (Illegal Re-entry After Deportation). An element of the crime is that the defendant is not a citizen or national of the United States. This element is a question of fact for the jury to determine. . . . The delayed court ordered birth certificate merely raises a rebuttable presumption that is contradicted by the Government's evidence. The delayed birth certificate obtained through fraud can and will be rebutted by the Government's evidence. Furthermore, the weight to give the document is completely within the province of the jury. Therefore, the government respectfully requests this court to deny defendant's Motion to Grant Full Faith and Credit to the State Court Order.

(Objection (Doc. 36) at 6.)

At trial, both the Government and Defendant may present all relevant evidence for establishing Defendant's citizenship.

CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending motions. The Court adopts it, and for the reasons stated in the R&R, the Court denies the motions, except the Court agrees that Count 12 must be dismissed for multiplicity.

For the reasons explained above, the Court denies the Defendant's Motion for Full Faith and Credit.

**Accordingly,**

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (doc. 39) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Counts 2-15 (Doc. 12), is DENIED IN PART AND GRANTED IN PART as follows: 1) denying the motion in part as to Counts 5-7 and 13-15 and 2) granting in part dismissal of Count 12 for multiplicity as to Count 13.

**IT IS FURTHER ORDERED** denying the Motion to Dismiss Indictment for Lack of Jurisdiction (Doc. 19); Motion to Dismiss Counts 2, 5, 8, 12, and 13 for Lack of Jurisdiction (Doc. 31); and Motion to Dismiss Counts 5, 6, and 7 for Failure to State a Claim (Doc. 32).

**IT IS FURTHER ORDERED** that the Defendant's Motion *in Limine* to Grant Full Faith and Credit to State Court Judgment (Doc. 33) is DENIED.

DATED this 28th day of July, 2011.

David C. Bury
United States District Judge